UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBIN JERNIGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-01340-JAR |
| | ) |
| RIVERSIDE DINER, et al., | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff Robin Jernigan's motion for remand. (Doc. No. 12). Plaintiff initially filed this matter in the Circuit Court of the City of St. Louis on November 13, 2021. In Plaintiff's initial complaint, she raised four claims under Missouri law related to her alleged wrongful termination. Defendants filed a motion to dismiss without prejudice for failure to state a claim, which the state court granted. Plaintiff subsequently filed her First Amended Petition, which alleged four counts: wrongful termination for requesting wage statements, W-2 statements, and 1099 statements which she is entitled to pursuant to Mo. Rev. Stat. §§ 143.201 & 290.080, 26 U.S.C. § 7212(a)[1], and C.F.R. § 31.6051-1 (Count I); breach of contract under Missouri common law (Count II); a penalty for unpaid wages under Missouri law (Count III); and a violation of the Missouri Service Letter Statute (Count IV).

Defendants then removed based on the federal question raised by Count I pursuant to 28 U.S.C. § 1441(a). Plaintiff subsequently filed a motion to remand, arguing that there is no

---

[1] Plaintiff's complaint references 26 U.S.C. §7212-a. However, there is no such statute. Instead, it appears Plaintiff intended to reference 26 U.S.C. § 7212(a). As such, the Court will interpret all references to 26 U.S.C. §7212(a).

1

substantive federal question raised by her petition. (Doc. No. 12). For the reasons set forth below, Plaintiff's motion will be granted.

**Discussion**

In Count I, Plaintiff contends she was wrongfully terminated by Defendants in retaliation for making requests for wage statements, W-2 statements, 1099 statements, and for her wages due to her under Missouri law. Plaintiff alleges her employer was required to furnish her wage statements and W-2 statements pursuant to C.F.R. §31.6051-1 and 26 U.S.C. § 7212(a).[2] Plaintiff argues that the federal provisions on which she relies do not create separate causes of action, which Defendants do not dispute. Therefore, Plaintiff claims her reliance on federal law does not create federal question jurisdiction.

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. *Gunn v. Minton*, 568 U.S. 251, 256, (2013) (quoting *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673). Removal statutes are strictly construed, and the Court must resolve any doubts about federal jurisdiction in favor of remand. *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995). The party seeking to remove a case to federal court has the burden of establishing subject matter jurisdiction. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

---

[2] Plaintiff argues in her motion to remand that she meant to reference 26 U.S.C. § 6722, which provides penalties for failure to furnish correct payee statements. However, Plaintiff has not filed an amended complaint or indicated that she intends to file an amended complaint. Moreover, the Court concludes that it does not have jurisdiction regardless of which statute Plaintiff relies upon.

2

As is relevant here, "Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Gunn*, 568 U.S. at 257, 133 S.Ct. 1059 (quoting 28 U.S.C. § 1331). The Supreme Court in *Gunn* explained that a case can "arise under" federal law in two ways. First, and most commonly, "a case arises under federal law when federal law creates the cause of action asserted." *Id.* (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916)). Second, federal courts may still have federal question jurisdiction "even where a claim finds its origins in state rather than federal law." *Id.* at 258, 133 S.Ct. 1059. Federal courts will have jurisdiction over such a state claim "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (citing *Grable*, 545 U.S. at 314, 125 S.Ct. 2363). Federal question jurisdiction via the second path requires that each of those four elements are met, and the Supreme Court described such cases as being of a "special," "small," and "slim category." *Id.* (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)).

Neither 26 U.S.C. § 7212(a) or C.F.R. § 31.6051-1 confer a private right of action.[3] Section 7212 is a criminal statute, which cannot "be construed as providing a private right of action for damages." *Valladares v. Internal Revenue Service,* 2001 WL 670629 (E.D.Cal.2001) (citing *Quinn v. United States*, No. CIV-03-192-R, 2003 WL 22133715, at *3 (W.D. Okla. July 10, 2003)). Likewise, nothing in § 31.6051-1 confers a private cause of action. Instead, the

---

[3] The statute Plaintiffs intended to cite—26 U.S.C. § 6722 likewise does not confer a private right of action. *See Rumfelt v. Jazzie Pools, Inc.*, No. 1:11CV217 JCC TCB, 2011 WL 2144553, at *3 (E.D. Va. May 31, 2011) (quoting *Katzman v. Essex Waterfront Owners LLC,* No. 09 Civ. 7541, 2010 WL 3958819, at *3 (S.D.N.Y. Sept. 29, 2010))("No private right of action exists under Section 6722.")

regulation provides the penalties for failure to furnish a statement are either a civil penalty paid in the same manner as a tax imposed via the Federal Insurance Contributions Act, 26 C.F.R. § 31.6674-1, or a criminal penalty of up to $1,000 or one year of imprisonment. 26 C.F.R. § 7204.

Where, as here, federal law does not create a private cause of action, "[f]ederal question jurisdiction is available only where (1) the right to relief under state law depends on the resolution of a substantial, disputed federal question, and (2) the exercise of jurisdiction will not disrupt the balance between federal and state jurisdiction adopted by Congress." *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.,* 559 F.3d 772, 779 (8th Cir.2009) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313–14 (2005)).

Although Count I is premised in part upon whether Defendants satisfied their obligations to Plaintiff pursuant to federal law, Defendants have not met their burden of establishing federal question jurisdiction. They claim that Count I turns on the application of 26 U.S.C. § 7212 and 26 C.F.R. § 31.6051.1, and as such the outcome of the case necessarily turns on the construction of federal law. This argument, however, overlooks *Merrell Dow Pharmaceuticals Inc. v. Thompson,* in which the Supreme Court found no substantial question of federal law where plaintiffs alleged a defendant drug manufacturer misbranded a pharmaceutical in violation of the FDCA. 478 U.S. 804, 805–06, 814 (1986).

The Supreme Court noted the plaintiffs had incorporated the alleged FDCA violations to show a rebuttable presumption of their state law claim of negligence. *Id.* at 805. Notwithstanding this incorporation, the Supreme Court held "the presence of the federal issue as an element of a state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Id.* at 814. It explained the absence of a private cause of action in the FDCA indicated "a congressional conclusion that the presence of a claimed violation of

4

the statute as an element of the state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction ." *Id.* Likewise, here, Plaintiff raises a state tort claim and incorporates federal violations, there is no private cause of action within the federal law upon which Plaintiffs rely, and Defendants have failed to identify any substantial question of federal law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [10] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis City, Missouri.

Dated this 28th day of December, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE